UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**MIRZA Z. ALI**,

        Petitioner,

v.

**MARION FEATHER, Warden**,

        Respondent.

Case No. 3:12-CV-01800-KI

OPINION AND ORDER

    Mirza Z. Ali, FRN 98962-011
    FCP-Sheridan
    P.O. Box 6000
    Sheridan, OR 97378

        Pro Se Petitioner

    S. Amanda Marshall
    United States Attorney
    District of Oregon

Page 1 - OPINION AND ORDER

  Natalie Wight
  Assistant United States Attorney
  District of Oregon
  1000 S.W. Third Ave., Suite 600
  Portland, OR 97204-2902

    Attorneys for Defendant

KING, Judge:

  Petitioner Mirza Z. Ali brings this action, pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus. For the reasons set forth below, I deny the petition.

## FACTS

  Petitioner claims entitlement to 560[1] days of prior custody credit toward the service of his 60-month federal sentence imposed in 4:02-CR-40081-CW-1 (N.D. Cal.) ("2002 Case"). His current projected release date is August 31, 2015, with good conduct time.

  Specifically, petitioner contends he did not receive 250 days of credit for time he served on an earlier federal conviction, in 4:99-CR-40002-CW-1 (N.D. Cal.) ("1999 Case"), which he says was to run concurrently with his 2002 Case. He also argues 310 days he served in California state case H-50509 ("2010 State Case"), at the same time a federal detainer on the 2002 Case had been lodged, should be credited against his 2002 Case.

  The timeline for these three cases is as follows: Petitioner was arrested on September 14, 1998 for making false statements to government agencies; he posted bond and was released. Those charges resulted in the 1999 Case. While the 1999 Case was pending, petitioner was

---

[1] In his Amended Petition, he claims 492 days of time served, but his calculation is higher in his Reply.

arrested on April 18, 2002 for conspiracy to commit mail and wire fraud, aiding and abetting, conspiracy to launder money, and money laundering. Those charges resulted in the 2002 Case.

On June 26, 2002, after petitioner had been in custody for 69 days, Judge Claudia Wilken, a judge for the Northern District of California, sentenced petitioner to 6 months' incarceration in the 1999 Case. The Judgment stated all counts were to be concurrent with each other, but did not mention the then-pending 2002 Case. The Bureau of Prisons ("BOP") credited the 69 days to petitioner, as well as the September 14th day of his arrest, and deemed the sentence completed as of October 16, 2002.

However, petitioner remained in custody after October 16, 2002, pending resolution of the 2002 Case. He was released on bond on December 24, 2002. Judge Wilken then sentenced petitioner to a term of 60 months' incarceration in the 2002 Case, on October 24, 2007, but stayed the Judgment pending appeal.

On August 25, 2010, the Ninth Circuit issued its decision affirming in part and reversing in part decisions made in the 2002 Case; it affirmed petitioner's 60-month sentence.

That same day, California state authorities arrested petitioner in Oakland on charges of Grand Theft–the 2010 State Case. Upon petition from Pretrial Services the next day, on August 26, Judge Wilken issued an arrest warrant to show cause why petitioner's bail should not be revoked for violating his release conditions in the 2002 Case. Pet. for Arrest Warrant for Def. under Pretrial Supervision, ECF 674.² In the petition, the Pretrial Services Officer informed the

---

²Not all of the documents from the 2002 Case were submitted to this Court. Nevertheless, I may take judicial notice of proceedings in other courts. Triqueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011) (taking judicial notice of documents filed in state court habeas proceeding); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (court may take
(continued...)

Page 3 - OPINION AND ORDER

court that petitioner was being held on $1,000,000 bail, and he was scheduled to appear in state court on August 27, 2010.

The Ninth Circuit denied the petition for rehearing and declined to stay the mandate in the 2002 Case; it issued its mandate on December 21, 2010. Accordingly, Judge Wilken ordered that petitioner's Judgment and commitment order be lodged against him in state custody and that "his federal sentence shall begin upon his release from state custody." Order Concerning Serv. of Defs.' Sentences 3, ECF 691 (Jan. 27, 2011). The next day, petitioner's attorney filed a motion asking Judge Wilken to amend her order to delete the portion of her order directing that petitioner's federal sentence would begin following his release from state custody. He argued petitioner might be entitled to credit for time served in the 2010 State Case against the sentence imposed by Judge Wilken. Petitioner's attorney argued his client might be acquitted of the state charges, receive a sentence of less than time served, or the BOP might conclude the reason petitioner did not receive bail in the 2010 State Case was due to the warrant issued by Judge Wilken. Regardless, he argued the decision was one for the BOP and not Judge Wilken. Judge Wilken granted the modification request and removed the offending clause. Mot. for Mod. of Ct.'s Order, ECF 695; Order Granting Req. for Mod., ECF 696. She filed an Amended Judgment on February 14, 2011, again imposing a sentence of 60 months "on all counts to run concurrent[.]" Am. J. 3, ECF 699.

---

[2](...continued)
judicial notice of matters of public record). All of the documents which refer to the ECF number are available on the Northern District of California docket, under case number 4:02-CR-40081-CW-1.

On July 1, 2011, petitioner was sentenced to eight years of probation in the 2010 State Case, with a condition that he "serve the first 621 days of said probationary period in the Alameda County Jail." Roush Decl. Attach. 7, at 2. The judge gave him credit for that time, made up of 311 days of actual jail time and 310 days of good time/work time. Petitioner was also sentenced to a five-year sentence, which was suspended pending completion of the federal sentence in the 2002 Case.

After sentencing in the 2010 State Case, petitioner was released to federal custody. The BOP calculated petitioner's sentence, awarding him credit for the time he spent in detention from October 17, 2002 to December 24, 2002.

On December 26, 2012, the BOP sent a letter to Judge Wilken reporting petitioner's request to be designated to a state institution to serve his federal sentence, thereby reducing the total amount of time spent in custody. The BOP requested Judge Wilken's position with respect to such a retroactive designation. If the designation were granted, he would have a release date on or about October 24, 2014. Ltr., ECF 724 (Dec. 26, 2012). Judge Wilken did not recommend a retroactive designation. Order re Req. for Retroactive Designation to State Inst. for Serv. of Fed. Sentence, ECF 722 (Dec. 27, 2012).

## LEGAL STANDARDS

Pursuant to 18 U.S.C. § 3585(b), the BOP is required to give a defendant credit:

> toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> > (1) as a result of the offense for which the sentence was imposed; or
>
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

## DISCUSSION

I.    <u>Federal Detention in 2002</u>

Petitioner's sole argument with respect to his incarceration in 2002 is that the sentence imposed in the 1999 Case was to run concurrently with any sentence imposed in the then-pending 2002 Case. He asserts that the language in the Judgment for the 1999 Case reading "The defendant is sentenced to six (6) months on each count to run concurrent" meant concurrent with the 2002 Case as well. Roush Decl. Attach. 2, at 4. There is absolutely no support for this proposition. Not only does the Judgment in the 1999 Case make only the *counts* concurrent with each other, without referencing any other *case*, but petitioner's proposition assumes Judge Wilken meant to impose a concurrent sentence for a case filed only two months previously, in which petitioner had entered a not guilty plea, and which did not result in a conviction until four years later. Furthermore, if Judge Wilken intended the sentences in the 1999 Case and the 2002 Case to run concurrently, she had an opportunity to indicate as much in the Judgment filed in the 2002 Case.

Petitioner served the six-month sentence imposed in the 1999 Case. With credit for the date of his September 14th arrest, as well as credit from April 18, 2002 until the day of his sentencing on June 27, 2002, he concluded the remainder of his sentence on October 16, 2002.

The continued detention for the 2002 Case, from October 17, 2002 until he posted bond on December 24, 2010, was credited by the BOP against his current sentence, rendering a projected release date of August 31, 2015.

In sum, the BOP does not have the authority to issue any additional prior custody credit because that time has already been credited against another sentence.

II.     State Detention in 2010-2011

Petitioner also claims entitlement to the 310 days[3] he was in custody on the 2010 State Case because he believes he was held by the state only because of the 2002 Case. Without citation to any evidence, he contends he would have been released by the state court on bail absent the warrant issued in the 2002 Case. In fact, in an Order Regarding Bail for petitioner, signed on August 25, 2010, the Judge of the Alameda Superior Court prohibited the acceptance of bail because there was "probable cause to believe that at least a portion of any bail to be posted . . . will have been feloniously obtained." Roush Decl. Attach. 7, at 6. Accordingly, petitioner offers no support for his contention that he would have been released from state custody but for a federal warrant or detainer.

Petitioner additionally argues Judge Wilken intended to give him credit for custody on the 2010 State Case because she amended her Order Concerning Service of Defendants' Sentences to remove reference to when petitioner's federal sentence should begin. However, Judge Wilken's decision to amend her order does not shed light on whether she intended petitioner to obtain credit for the 2010 State Case against the 2002 Case; it simply reflects her decision, after petitioner's attorney educated her, to leave the beginning date of petitioner's federal incarceration up to the BOP. Further, petitioner's analysis asks me to ignore that the Judgment does not make the federal sentence concurrent with the state sentence, nor does it grapple with Judge Wilken's most recent order in which she stated she did not recommend a retroactive designation to a state

---

[3]The state court calculated the number of days as 311.

Page 7 - OPINION AND ORDER

institution.  The record reflects Judge Wilken knew such a retroactive redesignation would give petitioner credit for time he spent in jail on the 2010 State Case and she explicitly declined to recommend that outcome.  See also United States v. Chea, 231 F.3d 531, 535 (9th Cir. 2000) ("[I]n the absence of an order to the contrary, a federal sentence is to run consecutively to a prior state sentence.").

      Finally, Petitioner argues his plea agreement in the 2010 State Case did not anticipate jail time and that, as a result, all of the time he spent in state custody should be credited to his 2002 Case.  Petitioner provides a transcript of his plea hearing.  In that proceeding, the prosecutor indicated that the plea agreement anticipated petitioner would be placed on a period of eight years of probation with the condition that he would be sentenced to a suspended five-year state prison sentence, to be imposed should the petitioner not serve his 60-month sentence in the 2002 Case.  Additionally, "[i]f for some reason his federal sentence is overturned on appeal . . . and he's, therefore, sentenced to the 5 years of State Prison that was suspended here, I agree that he can receive whatever credits he has accrued in the federal system against his State Prison sentence."  Pet.'s Reply, Change of Plea Tr. 5.  It was the prosecutor's expectation that petitioner would be placed in federal custody as soon as he was sentenced by the state court.  Finally, "[a]t the time of sentencing in this case, he will receive credit for time served as determined by the Court."  Id.

      At petitioner's sentencing hearing on the 2010 State Case, the prosecutor informed the sentencing judge, "The plea bargain is he [petitioner] would get credit [for time served] at the discretion of the Court."  Rousch Decl. Attach. 7, at 10.  Petitioner's attorney argued for one day credit for time served, which would assure victims that if petitioner re-offended he would have

Page 8 - OPINION AND ORDER

fewer credits towards his state prison sentence. Id. at 9. The prosecutor, however, advocated for his position as follows:

> The deal that was presented, the negotiated disposition that was presented to the victims in this case was based on my understanding after communicating with the Federal authorities that the time that he served here in Alameda County Santa Rita will not count toward his Federal sentence.
>
> Ultimately, that decision is one that is to be made by the Federal marshals as I understand it. So obviously if the Court in its discretion chooses to reduce the time served to one day, that leaves more credit or more time that Mr. Ali would serve if he reoffended. To that extent, its additional leverage once he is released. But to the extent it may impact the Federal authorities' decision as to what credit he might get against a Federal sentence, I can tell you that the victims are of the understanding that he will not be getting any credit against his federal sentence.

Id. at 9-10. With the knowledge that it was within the court's discretion, pursuant to the plea bargain, the sentencing judge imposed an eight-year probationary sentence, with credit for time served in the amount of 621 days (311 days in custody plus 310 days of good time/work time), plus a five-year suspended state prison sentence which was stayed pending completion of the federal sentence. Id. at 1-5. Indeed, at the conclusion of the sentencing hearing, petitioner's counsel remarked, "Since he was sentenced to probation under credit for time served, I don't think there should be a hold on the State. No bail was posted. I just would like him to be released to the Federal retainer —" Id. at 13.

The time petitioner spent in state custody has already been credited against his state sentence. United States v. VonWillie, 59 F.3d 922, 930 (9th Cir. 1995) ("Because the federal sentence will run consecutively to the state sentence, the 476 days in fact have been credited toward his total term of incarceration."). As a result, the BOP does not have the authority to

issue any additional prior custody credit because that time has already been credited against another sentence.

III.     Exhaustion of Administrative Remedies

Since I have concluded petitioner is not entitled to relief on his Amended Petition for Writ of Habeas Corpus, I do not address whether he has exhausted his administrative remedies.

## CONCLUSION

The Amended Petition for Writ of Habeas Corpus [7] is denied and this proceeding is dismissed with prejudice. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this     23rd     day of September, 2013.

/s/ Garr M. King
Garr M. King
United States District Judge